**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JULIE KEGG, : | |
| Plaintiff : | CIVIL ACTION NO. 3:15-0792 |
| v. : | (JUDGE MANNION) |
| NANCY A. BERRYHILL, : ACTING COMMISSIONER OF SOCIAL SECURITY,[1] : | |
| Defendant : | |

**MEMORANDUM**

Pending before the court is the report of Magistrate Judge Gerald B. Cohn, which recommends that the plaintiff's appeal of the decision of the Commissioner of Social Security, ("Commissioner"), denying her claim for social security benefits be denied. (Doc. 17). On November 10, 2016, the plaintiff filed objections to Judge Cohn's report. (Doc. 20). The defendant has waived the opportunity to respond to the plaintiff's objections. (Doc. 21).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*,

---

[1]On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this suit.

the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The plaintiff filed a claim for Title II Social Security Disability benefits on January 20, 2012 alleging an onset date of April 8, 2011, and later filed a claim for Title XVI Supplemental Security Income benefits alleging the same onset date. Both claims were denied on April 10, 2012. The plaintiff requested a hearing before an Administrative Law Judge, ("ALJ"), which was held on

July 31, 2013.

On August 12, 2013, the ALJ issued a decision in which he made the following findings. The plaintiff met the insured status requirements of the Social Security Act through December 31, 2014. The plaintiff had not engaged in substantial gainful activity since April 8, 2011, her alleged onset date. The plaintiff suffered from low back pain secondary to degenerative lumbosacral disease, osteoarthritis of the knees, obesity, lupus, major depressive disorder (recurrent, moderate), panic disorder with agoraphobia, borderline intellectual functioning and alcohol abuse. The plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Based on the evidence of record, the plaintiff had the residual functional capacity to perform light work as defined in 20 CFR §§404.1567(b) and 416.967(b) subject to the following limitations: limited to work that can be performed sitting or standing; occasional climbing, balancing, stooping, kneeling, crouching and crawling; no constant use of hands; no loud noises; limited to unskilled work that requires little or no judgment to do simple duties that can be learned on the job in 30 days or less with little vocational preparation; moderate limitation in the ability to understand, remember and carry out detailed instructions, maintain attention and concentration, interact

appropriately with the public, coworkers and supervisors, respond appropriately to changes and pressures in the work setting, and complete a normal workday or work week without an unreasonable length or number of rest periods due to psychologically-based symptoms; and only occasional interaction with coworkers. With these limitations, the ALJ found that the plaintiff was unable to perform any of her past relevant work, but considering her age, education, work experience and residual functional capacity, the ALJ determined that there are jobs that exist in significant numbers in the national economy which the plaintiff can perform. As such, the ALJ found that the plaintiff has not been under a disability, as defined in the Social Security Act, from her date of alleged onset through the date of the ALJ's decision.

On August 27, 2013, the plaintiff requested a review of the ALJ's decision by the Appeals Council. Her request was denied by order dated February 18, 2015. The plaintiff then initiated the instant action, which was assigned to the undersigned and referred to Judge Cohn for a report and recommendation.

In her appeal of the decision of the Commissioner, the plaintiff raises three arguments. First, the plaintiff argues that the ALJ erred in failing to follow the treating physician rule. Specifically, the plaintiff argues that the ALJ failed to accord William Thomas, M.S., treating physician status and further

failed to accord controlling weight to his opinion that the plaintiff has significant cognitive impairments precluding the ability to function in a work setting. Next, the plaintiff argues that the ALJ erred in failing to properly evaluate whether her Lupus could explain her complaints of joint pain and fatigue. Finally, the plaintiff argues that the ALJ erred in finding her complaints of disability not entirely credible. (Doc. 13). In the pending report dated September 21, 2016, Judge Cohn considered each of these arguments. Based upon his review of the ALJ's decision, and the record as a whole, Judge Cohn recommends that the plaintiff's appeal be denied.

In her objections to Judge Cohn's report, the plaintiff argues initially that Judge Cohn failed to discuss whether her impairments meet or equal the listings at 12.05C or 12.05D based on the opinion of Dr. Thomas, who indicated that the plaintiff had a verbal IQ score of 64 and a full scale IQ score of 65 on the WAIS-III and significant deficits in adaptive functioning, as well as the opinion of the non-examining state agency psychologist, Dr. Diorio, who noted that the plaintiff had at least moderate difficulties in maintaining social functioning and in maintaining concentration, persistence or pace. Even if Dr. Thomas's opinion was not given treating physician's weight, the plaintiff argues that the IQ scores should have been accepted as the WAIS-III is an objective assessment of cognitive functioning.

In considering the plaintiff's initial objection, in her appeal before this court, the plaintiff raises the issue of whether the ALJ erred in failing to accord Dr. Thomas treating physician status and to accord controlling weight to his opinion that the plaintiff's cognitive impairments precluded her from functioning in a work setting. Judge Cohn addressed the plaintiff's arguments finding first that the plaintiff had treated with Dr. Thomas on only one occasion at the behest of her counsel and that the one-time visit did not qualify Dr. Thomas as a treating physician under the regulations. See 20 CFR §§404.1502, 404.1527(c)(2)(i), 416.902, 416.927(c)(2)(i). Judge Cohn proceeded to discuss the medical evidence of record, as set forth by the ALJ, which contrasted Dr. Thomas's opinion that the plaintiff was completely precluded from functioning in a work setting. Included were the findings of Dr. Schneck with whom the plaintiff had treated from March 2011 through January 2012. Dr. Schneck indicated that the plaintiff's stream of thought and thought content were normal and that her cognitive functions were generally intact. Moreover, there were the findings of Dr. Diorio, a non-treating physician, who opined based upon his review of the plaintiff's medical records, that the plaintiff had only a mild restriction of activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; no understanding and

memory limitations; and no repeated episodes of decompensation, each of extended duration. Upon his review of the record, Dr. Diorio found that the plaintiff was able to meet the basic mental demands of work despite her limitations. Judge Cohn also pointed out the ALJ's reference to the findings of Dr. McLaughlin who, although he is not a mental health expert, examined the plaintiff and found that she was able to understand normal spoken speech, follow instructions, and had a good knowledge of recent and remote medical history. In addition, Dr. McLaughlin indicated that the plaintiff was able to engage in appropriate conversation and answer questions appropriately. Judge Cohn further noted the ALJ's discussion that Dr. Thomas's findings contrasted with the plaintiff's records and testing when she was in elementary and secondary school. For all of these reasons, Judge Cohn determined that the ALJ did not err in failing to afford Dr. Thomas's opinion treating source weight and did not err in failing to accord Dr. Thomas's opinion controlling weight. The court agrees with the reasoning of Judge Cohn and finds that the ALJ's decision properly considered the opinion evidence in accordance with the requirements of 20 CFR §§404.1527 and 416.927, as well as the Social Security Rulings. The plaintiff's objections will be overruled on this basis.

The plaintiff next objects to the report of Judge Cohn arguing that, in

regard to her physical impairments, Judge Cohn failed to explain why it was permissible for the ALJ to give great weight to the opinion of Dr. McLaughlin, who performed a consulting physical examination and found that the plaintiff had low back pain secondary to degenerative lumbosacral disease and osteoarthritis of the knees but, at the same time, had no limitation in lifting, sitting, pushing or pulling with the extremities or any postural movements. The plaintiff argues that Judge Cohn failed to explain how the ALJ could give great weight to this opinion while also finding that the plaintiff cannot lift over 20 pounds and could only occasionally climb, balance, stoop, kneel, crouch, crawl or use the hands constantly. Upon review, this was not an issue raised in the plaintiff's appeal. Therefore, the court finds that Judge Cohn was not required to specifically address this issue. The plaintiff's objections will be overruled on this basis.

Finally, the plaintiff argues that Judge Cohn erred in affirming the ALJ's credibility findings as to her own statements of disability, as well the statements of her husband which are consistent with the plaintiff's statements. With respect to this objection, the ALJ must make a determination of disability based on all of the evidence of record, including subjective testimony about a plaintiff's symptoms. <u>Burnett v. Comm'r of Soc. Sec. Admin.</u>, 220 F.3d 112, 122 (3d Cir. 2000). As such, the ALJ must evaluate a plaintiff's credibility

regarding his or her symptoms. Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983). The ALJ's findings on a plaintiff's credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997). See also 20 CFR §404.1529(c)(3).

In assessing a plaintiff's credibility, the ALJ should "determine the extent to which a [plaintiff] is accurately stating the degree of pain and the extent to which . . . she is disabled by it." Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999) (citing 20 C.F.R. §404.1529(c)); Burns v. Barnhart, 312 F.3d 113, 129 (3d Cir. 2002) (noting that the ALJ must give subjective complaints "serious consideration" and "make specific findings of fact, including credibility, as to [plaintiff]'s residual functional capacity") (citations omitted); SSR 96–7p, 61 Fed.Reg. 34483 (July 2, 1996) ("When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements."). Specifically, an ALJ should consider the following: (1) the plaintiffs daily activities; (2) the duration, frequency and intensity of the plaintiff's symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; (5)

9

treatment, other than medication for relief of the symptoms; (6) any measures the plaintiff uses or has used to relieve the symptoms; (7) the plaintiff's prior work record; and (8) the plaintiff's demeanor during the hearing. See 20 C.F.R. §404.1529; 416.929.

While "[a]n ALJ must give great weight to a claimant's subjective testimony . . . when this testimony is supported by competent medical evidence", Schaudeck v. Comm'r Soc. Sec. Admin., 181 F.3d 429, 433 (3d Cir. 1999), the ALJ "has the right, as the fact finder, to reject partially, or even entirely, such subjective complaints if they are not fully credible." Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974). The ALJ may do so "if [the ALJ] affirmatively addresses the claim in his decision, specifies the reason for rejecting it, and has support for his conclusion in the record." Hirschfeld v. Apfel, 159 F.Supp.2d 802, 811 (E.D.Pa. 2001); see also Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001).

In this case, the ALJ found that the plaintiff's subjective complaints of disability were not entirely credible. The ALJ spent several pages of his decision explaining why he was partially rejecting the plaintiff's subjective complaints in accordance with the regulations set forth above. (Doc. 10-2, pp. 17-21). Upon review, the court finds that the ALJ's explanation provides substantial evidence in support of his credibility determination regarding the

plaintiff. The ALJ went on to discuss the statements of the plaintiff's husband, Tony Kegg, which were noted to be "virtually identical to the statements contained in the claimant's function report". Because the ALJ determined that the plaintiff's own subjective complaints were not entirely credible in light of all of the evidence of record, he was also entitled to give little weight to the statements of the plaintiff's husband, which echoed the plaintiff's own subjective complaints. On this basis, the plaintiff's objections will be overruled.

In light of all of the above, the court will overrule the objections of the plaintiff and adopt the report and recommendation of Judge Cohn in its entirety. An appropriate order shall issue.

                                              s/ *Malachy E. Mannion*
                                              **MALACHY E. MANNION**
                                              **United States District Judge**

**Date: March 23, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0792-01.wpd